**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **Eugene Davis,** | : |
| **Plaintiff,** | : |
| v. | :  Civil Action Nos. 15-2071, 15-1670 -CKK |
| **Department of Justice** *et al.*, | : |
| **Defendants.** | : |

### MEMORANDUM OPINION

In this action brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, plaintiff, a federal prisoner, has sued the Department of Justice ("DOJ") and the following DOJ components: United States Marshals Service ("USMS"), Drug Enforcement Administration ("DEA"), Executive Office for United States Attorneys ("EOUSA"), Federal Bureau of Investigation ("FBI") and Federal Bureau of Prisons ("BOP"). Pending before the Court are Plaintiff's Motion for Summary Judgment [Dkt. # 25] and Defendants' Combined Motion in Opposition to Plaintiff's Motion for Summary Judgment and Counter Motion for Summary Judgment [Dkt. # 22]. For the reasons explained below, the Court will deny plaintiff's motion, grant defendant's motion, and enter judgment accordingly.

### I.  BACKGROUND

In February 2015, plaintiff requested the same information from each DOJ component, namely "all records and/or data . . . under my name and/or identifier assigned to my name." *See*

Ex. A to Decl. of David Hardy [Dkt. # 22-2, pp. 2-10] ("FOIA Request").[1]  Plaintiff further wrote:

> The records sought but not limited to, is [sic] the compiled file containing (1) arrest records, (2) investigation and/or investigatory reports, (3) reports or evidentiary and/or scientific information findings, (4) wants, warrants, and/or detainers, (5) final and closing investigation reports, and (6) any and/or all information, data, or reports not otherwise exempt by statute . . . or law[.]"

*Id.*  Plaintiff also requested "a copy of specific [FOIA] regulations of your Department . . . so that compliance is adhered to . . . ."  FOIA Request at 2.

The Court will recount each component's response to plaintiff's request in the order set out in Defendants' Statement of Material Facts as to Which There is No Genuine Dispute [Dkt. # 22-1], which is more comprehensive than plaintiff's purported "Statement of Facts" set out in the Memorandum of Law in Support of Plaintiff's Motion for Summary Judgment ("Pl.'s Mem.").

**1. FBI**

Plaintiff's request submitted to DOJ was forwarded to the FBI as the component most likely to have responsive records.  Hardy Decl. ¶ 6.  In a letter dated March 13, 2015, the FBI informed plaintiff that a search of its Central Records System had located no "main file records" responsive to his request.  It further informed plaintiff that it would conduct an additional search if he provided additional information.  *Id.*, Ex. C.  Plaintiff instead filed an appeal to the Office of Information Policy ("OIP"), which, by letter dated June 16, 2015, affirmed the FBI's action and informed plaintiff about his right to file a lawsuit.  *Id.*, Ex. F.

---

[1]  The page numbers are those assigned by the electronic case filing system.

**2. USMS**

In a letter dated March 27, 2015, the USMS acknowledged plaintiff's request and informed him that it had commenced a search for responsive records. USMS enclosed, as plaintiff had requested, "a copy of the Department of Justice FOIA regulations[.]" Decl. of William E. Bordley [Dkt. # 22-2, pp. 30-37], Ex. B.

In a letter dated August 14, 2015, USMS informed plaintiff that it had searched its files in the Middle District of Florida (where plaintiff was arrested and detained), had located 32 responsive pages, and was releasing 21 pages. It further informed plaintiff that third-party information was withheld under FOIA exemption 7(C). Bordley Decl. ¶¶ 6-7 and Ex. C. In a separate letter dated August 14, 2015, the USMS informed plaintiff that in response to a referral of two pages from DEA, it was releasing those pages with the name of a USMS employee redacted under FOIA exemption 7(C). *Id*., Ex. J.

In two separate letters also dated August 14, 2015, the USMS referred three pages that had originated with DEA to that component, *id*., Ex. D, and eight pages that had originated with EOUSA to that component, each "for action and direct response to the requester," *id*., Ex. F.

**3. EOUSA**

In the request to EOUSA, plaintiff added the United States Attorney's Office for the Middle District of Florida as the likely location of the requested records. *See* Decl. of David Luczynski [Dkt. # 22-2, pp. 54-64], Ex. A. at 1. In a letter to plaintiff dated March 23, 2015, EOUSA acknowledged receipt of the request, assigned it a number, and provided general information about its processing of requests and potential fees. Luczynski Decl., Ex. B.

Plaintiff lodged an appeal with OIP on May 3, 2015, claiming that "[t]he EOUSA refuse[d] to respond to my FOIA request." *Id*., Ex. C. In a letter dated June 30, 2015, OIP

informed plaintiff that it could take no action because EOUSA had yet to issue an adverse determination. *Id.*, Ex. E. While noting that FOIA "authorizes requesters to file a lawsuit when an agency takes longer than the statutory time period to respond," OIP "assure[d]" plaintiff that EOUSA had been contacted and was currently processing his request. *Id*. In the instant complaint dated October 26, 2015, plaintiff alleges that he had received no response-- presumably a substantive one--from EOUSA. *See* Compl. ¶¶ 9-12.

On April 28, 2016, during the course of this litigation, EOUSA released to plaintiff 37 pages in full and 80 pages in part; it withheld 20 pages in full. EOUSA withheld information under FOIA exemptions 5, 6, 7(C), 7(D), and 7(F). Luczynski Decl., Ex. H. The release letter informed plaintiff that additional records were referred to BOP and DEA for each component to review and to respond directly to him. *Id*. at 2.

Meanwhile, in a letter dated September 30, 2015, EOUSA informed plaintiff that the eight pages referred from USMS were being withheld in full under FOIA exemptions 6 and 7(C). *Id.*, Ex. G.

**4.  DEA**

DEA initially located 53 responsive pages but denied plaintiff's request entirely under FOIA exemption 7(A), which generally shields law enforcement records from disclosure during the pendency of a law enforcement proceeding. *See* Decl. of Katherine L. Myrick [Dkt. 22-2, pp. 78-100], Ex. C. Plaintiff appealed, and OIP determined that exemption 7(A) no longer applied and remanded the request to DEA for further processing. Myrick Decl., Ex. F.

On July 31, 2015, DEA released 37 pages to plaintiff (two containing redactions), withheld eleven pages, and referred five pages to USMS. *Id.*, Ex. H. DEA withheld information under FOIA exemptions 7(C), 7(D), 7(E) and 7(F). *Id*. Plaintiff appealed that decision to OIP

4

on August 12, 2015.  In a letter dated November 19, 2015, OIP acknowledged the appeal as "concern[ing] only the redactions and withholdings on the responsive records from DEA's response dated July 31, 2015," and it assigned a number.  *Id*., Ex. L.  However, in a letter dated February 1, 2016, OIP informed plaintiff that the appeal was closed in accordance with regulations because it was a subject of this lawsuit.  Myrick Decl., Ex. M.

DEA's referral consisted of two pages for USMS to review and to respond directly to plaintiff and three pages containing information for USMS to review, to "make any deletions [and] cite the exemptions claimed," and to return to DEA.  *Id*., Ex. G.  In a Memorandum dated August 12, 2015, USMS returned the latter three pages to DEA and informed that it had made no deletions.  *Id*., Ex. J.  On August 27, 2015, DEA released those three pages to plaintiff with information redacted under FOIA exemptions 7(C), 7(E), and 7(F).  *Id*., Ex. K.

On February 17, 2016, during the course of this litigation, DEA released an additional 26 pages, 22 of which contained redactions.  DEA withheld 73 pages completely, and it referred four pages to EOUSA to review and respond directly to plaintiff.  DEA withheld information under FOIA exemptions 7(C), 7(D) and 7(E).  In the release letter, DEA summarizes its action up to that point as follows:  a total of 156 responsive pages were located in an enumerated investigative file; six pages were released completely; 60 pages were released in part; and 84 pages were withheld completely.  *Id*., Ex. N.  On April 27, 2016, DEA released additional information as to one previously released page and portions of a previously withheld document; it redacted information under FOIA exemptions 7(C), 7(D), 7(E), and 7(F).  *Id*., Ex. Q.

On May 11, 2016, in accordance with the referral from EOUSA, DEA released nine pages in part and withheld one photograph completely; it withheld information under FOIA

exemptions 7(C) and 7(F).  Supplemental Myrick Decl. [Dkt. # 22-2, pp. 102-08] ¶¶ 3-4 and Ex. T.

**5. BOP**

In response to plaintiff's allegations in the complaint that BOP had failed to respond to his FOIA request and administrative appeal, Compl. ¶¶ 17-19, BOP has proffered a declaration in which the declarant states "with complete confidence [that] BOP never received a FOIA request from Inmate Davis."  Decl. of Eugene E. Baime ¶ 4 [Dkt. # 22-2, pp. 230-32].

In May 2016, BOP received EOUSA's referral request to review three pages that had originated with BOP and to respond directly to plaintiff.  Decl. of Christi Treadway [Dkt. 22-2, pp. 234-38], Ex. 1.  In a letter dated May 5, 2016, BOP informed plaintiff that it was withholding the three pages completely under FOIA exemptions 6, 7(C) and 7(F).  *Id.*, Ex. 2.

## II.  LEGAL STANDARD

Summary judgment is appropriate upon a showing that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The FOIA authorizes a district court only "to enjoin [a federal] agency from withholding agency records or to order the production of any agency records improperly withheld from the complainant."  5 U.S.C. § 552(a)(4)(B).  Although the primary focus is on an agency's withholding of records, an inadequate search may constitute an improper withholding as well.  *Maydak v. U.S. Dep't. of Justice*, 254 F. Supp. 2d 23, 44 (D.D.C. 2003).  *See Competitive Enter. Inst. v. Office of Sci. & Tech. Policy*, 827 F.3d 145, 147 (D.C. Cir. 2016) (reversing district court's dismissal after examining "whether the agency's refusal to undertake a search of the records of the director's private email account amounts to a 'withholding,' and specifically, an 'improper' one").

In a FOIA case, the Court may award summary judgment to an agency solely on the information provided in affidavits or declarations when they describe "the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981); *accord Am. Civil Liberties Union v. U.S. Dep't of Def.*, 628 F.3d 612, 619 (D.C. Cir. 2011); *see also Vaughn v. Rosen*, 484 F.2d 820, 826 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1974). Such affidavits or declarations are accorded "a presumption of good faith, which cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents.'" *SafeCard Servs., Inc. v. Sec. & Exch. Comm'n*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (quoting *Ground Saucer Watch, Inc. v. CIA*, 692 F.2d 770, 771 (D.C. Cir. 1981)). Rather, a plaintiff "must point to evidence sufficient to put the Agency's good faith into doubt." *Ground Saucer*, 692 F.2d at 771. Otherwise, "'uncontradicted, plausible affidavits showing reasonable specificity and a logical relation to the exemption are likely to prevail.'" *Schoenman v. FBI*, 841 F. Supp. 2d 69, 80 (D.D.C. 2012) (quoting *Ancient Coin Collectors Guild v. U.S. Dep't of State*, 641 F.3d 504, 509 (D.C. Cir. 2011) (alteration omitted)).

On summary judgment, the district court must conduct a "de novo" review of the record, 5 U.S.C. § 552(a) (4)(B), "to ascertain whether the agency has sustained its burden of demonstrating that the documents requested . . . are exempt from disclosure." *Assassination Archives & Research Ctr. v. Cent. Intelligence Agency*, 334 F.3d 55, 57 (D.C. Cir. 2003) (citation and internal quotation marks omitted). "Consistent with the purpose of the Act, the burden is on the agency to justify withholding requested documents," *Beck v. Dep't of Justice*, 997 F.2d 1489, 1491 (D.C. Cir. 1993), and only after an agency has proven that "it has fully

discharged its disclosure obligations" is summary judgment appropriate. *Weisberg v. U.S. Dep't of Justice*, 705 F.2d 1344, 1350 (D.C. Cir. 1983).

### III.  DISCUSSION

In his motion for summary judgment filed before defendants' motion, plaintiff faults defendants generally for failing to respond to his requests "in a timely manner."  Pl.'s Mem. at 1. In the portion appearing in the record, plaintiff does not contest any specific withholdings or the defendants' searches.[2]  The timeliness of defendants' responses, however, is inconsequential at this stage of the proceedings because "however fitful or delayed the release of information under the FOIA may be, once all requested records are surrendered, federal courts have no further statutory function to perform."  *Perry v. Block*,  684 F.2d 121, 125  (D.C. Cir. 1982); *see accord Boyd v. Criminal Div. of U.S. Dept. of Justice*, 475 F.3d 381, 388 (D.C. Cir. 2007) (noting that "because the report was located in the work file and subsequently disclosed, the issue is moot for purposes of this FOIA action") (citation omitted)).

On July 15, 2016, plaintiff was informed about his obligation to respond to defendants' dispositive motion, and he was given until September 6, 2016, to file a response.  *See* Order [Dkt. # 24].  The Court also informed plaintiff that he could file a reply in further support of his summary judgment motion by that deadline.  Plaintiff has filed neither an opposition nor a reply, and he has not requested additional time to do so.  Therefore, the Court will summarize why granting summary judgment to defendants on their undisputed facts is warranted.  *See* Fed. R. Civ. P. 56(a) (requiring the court to "state on the record the reasons for granting or denying the motion" for summary judgment).

---

[2]  Plaintiff's supporting declaration is obviously incomplete.  *See* Decl. ¶ 8 (partial sentence at end of document).  He has not requested leave to refile the document.

The Court has carefully reviewed defendants' declarations, which support their well-documented undisputed facts.[3]  It finds that each DOJ component named in this action conducted searches reasonably calculated to locate responsive records, *see* Defs.' Facts Stmt. at 22-49, and released all reasonably segregable records, *see id*. at 52-55.  The Court agrees with each component's justifications for withholding information under the FOIA exemptions invoked.  *See* Bordley Decl. ¶¶ 16-18 (explaining USMS's withholdings); Luczynski Decl. ¶¶ 16-34 (explaining EOUSA's withholdings); Myrick Decl. ¶¶ 53-80 and Ex. R (*Vaughn* index) and Suppl. Myrick Decl. ¶¶ 7-20 and Ex. U (*Vaughn* index) (explaining DEA's withholdings); Treadway Decl. ¶¶ 5-13 (explaining BOP's withholdings); *see also* Defs.' Mem. of P. & A. at 19-27 (citing cases supporting claimed exemptions).

### IV.  CONCLUSION

For the foregoing reasons, the Court concludes from its independent examination of the record that defendants have fully discharged their disclosure obligations under FOIA and are entitled to judgment as a matter of law.  A separate order accompanies this Memorandum Opinion.

_____s/s_____
COLLEEN KOLLAR-KOTELLY
DATE:  January 30, 2017                                            United States District Judge

---

[3]  As indicated in the Background section above, the Court has reviewed the declarations (and accompanying exhibits) of David Hardy of the FBI; William Bordley of the U.S. Marshals Service; David Luczynski of EOUSA; Katherine L. Myrick of DEA; and Eugene Baime and Christi Treadway of BOP.